UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
                                                                     :

UNITED STATES OF AMERICA,            :

                                                                    :        **ATTORNEY AFFIRMATION**

   - against -                                        :        06 Cr. 982 (S-2) (BSJ)
                                                                    :

MICHAEL ANNUCCI,                           :
     also known as " Mickey Annucci," and  :
FRANK PROSCIA,                                :
     also known as "Frankie Proscia,"         :
                                                                    :
                        **Defendants.**                :
------------------------------------------------------------ x

      CHARLES A. ROSS makes the following affirmation:

1.    I am an attorney at law, duly admitted to practice in the state of New York and the United States District Court for the Southern District of New York, and am the founding member of the firm of Charles A. Ross & Associates, LLC, attorneys for the defendant, Frank Proscia;

2.    I am fully familiar with the facts of this case and this affirmation is respectfully submitted in support of Mr. Proscia's pretrial motions as more fully set forth in the accompanying Notice of Motion and Memorandum of Law;

3.    The information contained in this affirmation is based on personal knowledge, investigation, a review of the materials provided by the government, discussions with Mr. Proscia, and, where indicated, upon information and belief.

## FRANK PROSCIA'S BACKGROUND

4.    Mr. Proscia is 52-years-old, married, and is a father to a 19-year-old daughter. He was born and raised in Brooklyn, New York and currently resides with his wife of thirty one years and daughter in Staten Island, New York.

5.      Mr. Proscia joined the Union Brotherhood of Carpenters and Joiners ("U.B.C.J.") in 1983 as a carpenter. As a member of the U.B.C.J., he has worked on various construction sites throughout New York City.

## FRANK PROSCIA'S ARREST AND BAIL HISTORY

6.      Frank Proscia voluntarily surrendered to Special Agents of the United States Department of Labor on May 18, 2007. Mr. Proscia is charged in three of the four counts contained in the above-referenced superseding indictment. He is alleged to have conspired to embezzle from an employee benefit plan and conspired to commit wire fraud (count one). He is also charged with embezzling from an employee benefit plan in violation of 18 U.S.C. § 664 (count two) and with committing wire fraud in violation of 18 U.S.C. § 1343 (count three).

7.      The Honorable Henry B. Pitman arraigned Mr. Proscia on May 18, 2007, on the three counts and ordered his release on bail. Mr. Proscia was released after posting a $150,000 personal recognizance bond that was co-signed by one financially responsible person. He is subject to strict pretrial supervision, travel restrictions, drug testing and treatment, and mental health counseling.

## CASE HISTORY

8.      On or about September 28, 2006, a one-count Complaint was filed as to Mr. Proscia's co-defendant, Michael Annucci, which alleged a violation of 18 U.S.C. §§ 664 and 2 (aiding and abetting the embezzlement of union funds). Mr. Annucci was arrested the following day.

9.      On October 18, 2006, a two-count indictment was filed as to Mr. Annucci which charged him with (a) aiding and abetting the embezzlement of union funds in violation of 18 U.S.C. §§ 664 and 2 and (b) receiving payments, while a shop steward at a job site located at 11 Madison Avenue, New York, New York, of more than $10,000 in wages to which he was not entitled

from a contractor that had signed a collective bargaining agreement with the U.B.C.J. and was performing work at a jobsite, in violation of 29 U.S.C. § 186.

10.  On or about December 20, 2006, Frank Proscia received a grand jury subpoena requesting that he provide testimony with respect to alleged violations of 18 U.S.C. §§ 371 and 664. Mr. Proscia, declined to testify before the grand jury and invoked his Fifth Amendment privilege.

11.  On February 14, 2007, the grand jury returned the first superseding indictment as to Mr. Annucci. This four-count indictment alleged that Mr. Annucci (a) conspired to embezzle from an employee benefit plan and conspired to commit wire fraud; (b) embezzled from an employee benefit plan in violation of 18 U.S.C. § 664; (c) committed wire fraud in violation of 18 U.S.C. § 1343; and (d) received payments, while a shop steward at a job site located at 11 Madison Avenue, New York, New York, of more than $10,000 in "wages" for hours he never worked and to which he was not entitled, from a contractor that had signed a collective bargaining agreement with the U.B.C.J. and was performing work at a jobsite, in violation of 29 U.S.C. § 186.

12.  On May 16, 2007, the instant superseding indictment was filed as to Messrs. Annucci and Proscia.

### INDICTMENT AS TO FRANK PROSCIA

13.  The U.B.C.J. is a national labor union that represents skilled workers on construction sites. In New York City, the U.B.C.J. is divided into approximately eleven locals throughout the five boroughs. *See* Second Superseding Indictment, *United States v. Michael Annucci and Frank Proscia,* S2 06 Cr. 982 at ¶ 1 ("Second Superseding Indictment" of "Indictment"). Mr. Proscia is a member, delegate, and Conductor of Local 157. *See* http://www.nycdistrictcouncil.com/go.php/on/static/page/local_157 (a delegate attends monthly meetings of the District Council; a

3

Conductor is a member of the Local's executive board who checks cards as members enter meetings, brings up new members to be initiated into the brotherhood, and gives out the password).

14. The District Council of New York City and Vicinity of the U.B.C.J. ("District Council"), located in Manhattan, is the administrative body that oversees the eleven locals. *Id.* at ¶ 2; *see also* http://www.nycdistrictcouncil.com/go.php/on/static/page/whoweare. The District Council, on behalf of the approximately eleven locals, has entered into various collective bargaining agreements ("CBAs") with various construction contractors and associations of construction contractors who operate at jobsites throughout New York City. *Id.*

15. The CBAs, in large part, govern the relationship between those contractors who are a party to the agreement and individual members of the U.B.C.J. The CBAs, among other things, require contractors to pay all of its workers (*e.g.*, those who are members of the union) the hourly rate specified in the CBA and to make contributions to the union benefit funds ("District Council Benefit Funds") for each hour worked. The District Council Benefit Funds provide for, among other things, medical and pension benefits. The CBAs also obligate signatory contractors to employ only union members to perform specified construction work. *Id.* at ¶ 3.

16. A CBA usually allows the union to appoint a "shop steward" to each particular job. Shop stewards wear many different hats and in addition to working at the jobsite with other rank-and-file union members, they are also union fiduciaries. According to the government, the shop steward's principal duty is to be the "eyes and ears" of the union and to report a contractor's violation of the CBA. The shop steward, as part of his or her job, is obligated to submit weekly reports, called "shop steward reports," to the union. The reports set forth the number of hours worked by each union member assigned to the jobsite. The government contends that the shop

steward is required to observe the number of hours worked at the jobsite by each of the union members in order to accurately report the amount of hours each carpenter worked each week. *Id.* at ¶ 4.

17. Upon information and belief, Mr. Proscia was offered the shop steward position at the 11 Madison Avenue jobsite in the early morning hours of February 9, 2006. He accepted the offer and reported to the jobsite later that morning. Upon information and belief, Mr. Annucci was Mr. Proscia's predecessor as shop steward at the jobsite. He was shop steward from July 11, 2001, through February 8, 2006.

18. L&D Installers, Inc. ("L&D") is a furniture installation and construction contractor that operates predominately in the tri-state area. L&D was a party to the CBA with the District Council. It has offices in Jersey City, New Jersey. *Id.* at ¶ 5; *see also* http://cft-ld.com/home.htm

19. In Count One of the Second Superseding Indictment, the government alleges Messrs. Annucci and Proscia, along with others known and unknown, conspired to defraud the District Council and the District Council Benefit Funds from July 2001 through June 2006, by, among other things, submitting false shop steward reports that underreported the hours worked by L&D's carpenters and otherwise aided and abetted L&D's violation of the CBA it entered into with the District Council. Messrs. Annucci and Proscia allegedly conspired, with others known and unknown, to violate 18 U.S.C. §§ 664 and 1343. *Id.* at ¶¶ 6-10.

20. The government claims Mr. Proscia, on or about February 16, 2006 and again on or about March 8, 2006, while he was serving as shop steward at L&D's jobsite at 11 Madison Avenue, signed and submitted a false shop steward report to the union's offices in Manhattan. *Id.* at ¶¶ 10c-10d

21.     Count Two of the Superseding Indictment charges Mr. Proscia with embezzling from an employee benefit plan in violation of 18 U.S.C. §§ 664 and 2. The government alleges Messrs. Proscia and Annucci, from July 2001 through June 2006, participated in a scheme whereby they would, as shop stewards at L&D's jobsite at 11 Madison Avenue, underreport the hours worked by carpenters for L&D, thereby aiding and abetting both L&D's violations of the CBA it entered into with the U.B.C.J. and L&D's evasion of contributions to the District Council Benefit Funds. *Id.* at ¶¶ 11-12.

22.     Count Three of the Superseding Indictment charges Mr. Proscia with wire fraud in violation of 18 U.S.C. §§ 1343 and 2. The government alleges Messrs. Proscia and Annucci, from July 2001 through June 2006, engaged in L&D's fraudulent scheme to defraud the District Council Benefit Funds and thereby caused and aided and abetted wire transmissions between New York and New Jersey to further the purported scheme, including (a) the wire transfer of timesheets from the 11 Madison Avenue jobsite so that the owner(s) of L&D could determine which carpenters' names and hours appearing on those timesheets would be omitted from Messrs. Proscia and Annucci's respective weekly shop steward reports, and (b) the wire transfer of fraudulent remittance reports from L&D to the District Council Benefit Funds. *Id.* at ¶¶ 13-14.

### THE EVIDENCE RELATING TO MR. PROSCIA

23.     Upon information and belief, the government does not intend to argue that Mr. Proscia joined the supposed conspiracy in July 2001. Rather, it will likely argue that Mr. Proscia joined a pre-existing conspiracy when he became shop steward on or about February 9, 2006.

24.     Upon information and belief, the government intends to introduce documentary evidence and witness testimony in an attempt to demonstrate, beyond a reasonable doubt, that Mr. Proscia

committed the offenses charged in the Indictment. The documentary evidence will undoubtedly include, but not be limited to, shop steward reports allegedly prepared by Mr. Proscia and extra work orders that purportedly list the overtime hours worked by specific carpenters on specific days at the 11 Madison Avenue jobsite. The government will allege that Mr. Proscia knowingly underreported the hours worked by carpenters on his shop steward reports and nevertheless, transmitted those shop steward reports to L&D.

25.   Although Mr. Proscia's co-defendant was the shop steward at 11 Madison Avenue long before Mr. Proscia, upon information and belief, the government will allege that Mr. Proscia essentially stepped into Mr. Annucci's shoes and replaced him in the charged conspiracy.

### THE EVIDENCE RELATING TO MR. PROSCIA'S CO-DEFENDANT

26.   Upon information and belief, the government will present similar evidence – both documentary and witness testimony – to prove that Mr. Annucci committed the offenses charged in the Indictment. It will likely contend that Messrs. Annucci and Proscia engaged in almost identical conduct.

### CONCLUSION

27.   The government added Mr. Proscia to this Superseding Indictment months after Mr. Annucci was initially indicted and charged Mr. Proscia with being a member of a conspiracy that existed long before he became shop steward at the L&D jobsite at 11 Madison Avenue. Indeed, according to the government, the alleged conspiracy spanned almost sixty months, during which time Mr. Proscia was shop steward for approximately four months. It also charged him with the substantive offenses of embezzlement from an employee benefit plan and wire fraud.

28. For all the reasons cited herein and in the accompanying Memorandum of Law, this Court should sever Mr. Proscia's trial from that of his co-defendant because a joint trial will result in prejudice so severe that it will deny Mr. Proscia a fair trial.

29. Mr. Proscia further respectfully requests that the Court dismiss Count Two of the indictment due to a failure to allege a crime; order the government to strike unnecessary, irrelevant, and prejudicial surplusage from the indictment; order the government to provide him with a bill of particulars; order the government to provide him with requested and required discovery; order the government to immediately disclose to him any Federal Rule of Evidence 404(b) evidence; allow Mr. Proscia to join in and adopt by reference the motions of his co-defendant; and permit him to make additional motions that may become necessary as a result of further discovery.

CHARLES A. ROSS & ASSOCIATES, LLC

*Charles A. Ross*
CHARLES A. ROSS (CR-1331)
*Attorney for defendant, Frank Proscia*
Trinity Centre
111 Broadway, Suite 1401
New York, New York 10006
(T) 212.616.3030
(F) 212.616.3031